Kenneth W. GLOVER *v.* Honorable Phillip H. SHIRRON

93-887                                                          861 S.W.2d 110

Supreme Court of Arkansas
Opinion delivered September 20, 1993

*Bridewell & Bridewell*, by: *Laurie A. Bridewell*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner Kenneth W. Glover moves this court for a writ of mandamus, a stay of the chancellor's order entered June 17, 1993, pending appeal, and an emergency accelerated hearing. We deny most of the relief requested but temporarily stay that part of the chancellor's order which would terminate the supervised visitation of the two children pending the appeal of this matter.

Petitioner Glover contends that his former wife, Paula Langford, sexually abused the couple's two minor daughters during visitation. He sought termination of those visitation rights in Langford. The chancellor's order following trial determined that the proof of sexual abuse was insufficient to terminate visitation. In that June 17, 1993 order, he continued visitation rights in Langford predicated on supervision by Langford's mother. Supervised visitation, according to the order, would terminate December 31, 1993.

Petitioner Glover appealed the chancellor's order to the Arkansas Court of Appeals by notice of appeal filed on August 6, 1993. He also allegedly has refused to permit visitation with Langford, which led to a show cause hearing for contempt set for August 13, 1993. Glover's petition for mandamus was an attempt to prevent the contempt hearing from transpiring and to prohibit the chancellor from acting further in this case. In that same petition, Glover argued that a stay of the chancellor's order was necessary because supervised visitation could well expire before an appeal was finalized, thereby subjecting the daughters to potential risk.

This court has jurisdiction of this petition because relief in the form of mandamus was requested. Ark. Const. art 7, § 4; Ark. Sup. Ct. R. (a)6. We see no reason not to stay the

expiration of supervised visitation pending appeal. Such a stay presents no impediment to the appeal. Nor do we anticipate any interference with the rights of the parties or with the chancellor's order resulting from such a stay.

We do note that there is an additional order by the chancellor acting in his capacity as juvenile judge which was entered June 15, 1993, and which finds probable cause that the daughters are dependent/neglected. The order mandates supervision by the Arkansas Department of Human Services during the girls' visits with Langford and was apparently precipitated by a more recent allegation of sexual abuse made against the mother. The status and duration of this supervision by DHS is not revealed in the record before us, and we are unable to consider that order.

Supervised visits by Mrs. Hobby, the girls' maternal grandmother, should continue under the chancellor's June 17, 1993 order pending the appeal of this matter to the Arkansas Court of Appeals. Expiration of these supervised visits under the chancellor's order is stayed pending appeal.